UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN CRAFT,

    Petitioner,

v.                                     CAUSE NO. 3:19-CV-953-DRL-MGG

WARDEN,

    Respondent.

## OPINION & ORDER

Shawn Craft, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 19-2-101) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of refusing to submit to testing in violation of Indiana Department of Correction Offenses 203. Following a disciplinary hearing, he was sanctioned with a loss of thirty days earned credit time.

In the petition, Mr. Craft asserts five grounds for habeas relief, but the Warden responds that four of these grounds are procedurally defaulted. Generally, state prisoners must exhaust state court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). On administrative appeal, Mr. Craft included only his argument that he should not have been found guilty of refusing to submit to testing because his medications prevented him from producing a urinary sample. Therefore, the court will consider only this argument.

Mr. Craft argues that he is entitled to habeas relief because the disciplinary officer lacked sufficient evidence to find him guilty. He states that medications prevented him from providing a

urinary sample within the two-hour period and maintains the intent is a required element of the offense.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer stated that Mr. Craft did not provide a urinary sample within the two-hour period. Under departmental policy, Offense 203 is defined as:

> Refusal to submit to any testing or sampling required by statute (e.g., DNA sampling) or refusal to submit to a test to determine the presence of alcohol or a controlled substance as ordered by staff, including failure to provide an adequate or unadulterated specimen for testing purposes.

ECF 10-7 at. In finding Mr. Craft guilty, the disciplinary officer rejected Mr. Craft's defense. He reasoned that departmental policy did not recognize medications as an excuse, which indicates that he didn't understand intent to be a required element of the offense. Mr. Craft's contends that word "refusal" implies intent, but offense also includes the word "failure," which is defined as "omission of occurrence of performance" or "lack of success" and does not imply intent. Merriam-Webster, https://www.merriam-webster.com/dictionary/failure (last visited July 15, 2020). Consequently, the department's interpretation of the offense as not requiring intent is reasonable, and federal courts should generally defer to state officials' interpretation of state law. *Crawford v. Littlejohn*, 2020 WL 3496864, at *2 (7th Cir. 2020). The conduct report constitutes some evidence that Mr. Craft committed the offense as reasonably interpreted by department officials. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Because Mr. Craft has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Craft wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds under 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Shawn Craft leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

July 15, 2020                    *s/ Damon R. Leichty*
                                 Judge, United States District Court